UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA,

v.

SIMON CLARK,

        Defendant.

---

08-CR-332 (JBW)

Statement of Reasons Pursuant to
18 U.S.C. § 3553(c)(2)

**JACK B. WEINSTEIN, Senior United States District Judge:**

Under 18 U.S.C. § 3553(c), a sentencing court is required to "state in open court the reasons for its imposition of the particular sentence." 18 U.S.C. § 3553(c). If, however, the sentence is not of the kind or is outside the range of the sentencing guidelines as referred to in section 3553(a)(4), the court is required to state the specific reasons for imposing a sentence different from the guidelines. 18 U.S.C. § 3553(c)(2). These "reasons must also be stated with specificity in the written order of judgment and commitment." Id. Even though the mandatory nature of the guidelines has been excised and they are now "advisory," see United States v. Booker, 543 U.S. 220, 245-46 (2005), the sentencing court must still adhere to the requirements set forth in 18 U.S.C. § 3553(c)(2). United States v. Jones, 460 F.3d 191, 197 (2d Cir. 2006).

The sentencing court's written statement of reasons need only be "a simple, fact-specific statement explaining why the guidelines range did not account for a specific factor or factors under § 3553(a)." United States v. Rattoballi, 452 F.3d 127, 138 (2d Cir. 2006). Such a statement should demonstrate that the court "considered the parties' arguments and that it has a reasoned basis for exercising its own legal decisionmaking authority." United States v. Cavera, 550 F.3d 180, 193 (2d Cir. 2008) (quoting Rita v. United States, 127 S.Ct. 2456, 2468 (2007)) (internal quotations and alterations omitted). Although a written statement of reasons pursuant to

18 U.S.C. § 3553(c)(2) is not necessary when the court imposes a guidelines sentence, the statement may nevertheless assist the reviewing court and the United States Sentencing Commission in understanding the reasons for the court's sentence.

On July 18, 2008, Simon Clark pled guilty to count two of a twelve-count indictment, which charged that between September 21, 2006 and April 13, 2007, the defendant, with others, conspired to execute a scheme to defraud banks, to obtain money, funds, and credits owned by and under the control of the banks by means of materially false and fraudulent pretenses, representations and promises, in violation of 18 U.S.C. §§ 1349 and 1344.

Clark was sentenced on June 3, 2009. The proceeding was videotaped in order to develop an accurate record of the courtroom atmosphere during sentencing and the various in-court factors and considerations that a district court must evaluate in imposing a sentence under 18 U.S.C. § 3553(a). See In re Sentencing, 219 F.R.D. 262, 264-65 (E.D.N.Y. 2004) (utility on appeal).

At sentencing, the court found the total offense level to be twenty-two and defendant's criminal history category to be one, yielding a guidelines range of imprisonment of between forty-one and fifty-one months. The offense carried a maximum term of imprisonment of thirty years. See 18 U.S.C. § 1344. The guidelines range of fine was from $7,500 to $75,000. The maximum statutory fine was $1,000,000. See 18 U.S.C. § 1344. The open charges were dismissed upon motion by the government.

Clark was sentenced to one year and one day of imprisonment and three years supervised release. A $100 special assessment was imposed pursuant to 18 U.S.C. § 3013. No fines were imposed because the defendant does not, and will not in the future, have assets to pay a fine. A restitution order in the amount of $5,166,900 was entered against the defendant, as consistent with the findings in paragraph 17 of the Presentence Investigation Report. Restitution will be

payable at the rate of one hundred dollars per month, beginning six months after supervised release starts. There shall be joint and several liability between defendants ordered to pay restitution in this case.

The court did not sentence under, or depart from, the guidelines. It sentenced the defendant under 18 U.S.C. § 3553(a). The court considered the "nature and circumstances of the offense and the history and characteristics of the defendant." See 18 U.S.C. § 3553(a)(1). The defendant has strong family connections, assisting his siblings who have serious psychiatric illnesses. He provides financial and other support to them and his stepson, who is a member of the armed forces. The offense caused significant financial harm and adverse consequences on the economy. A sentence of one year plus one day of incarceration reflects the seriousness of the offense, will promote respect for the law, and provide just punishment. See 18 U.S.C. § 3553(a)(2)(A). Respectful consideration was given to the sentencing guidelines, the Sentencing Commission's policy statements and all other factors listed under 18 U.S.C. § 3553(a) to ensure that the sentence is "sufficient, but not greater than necessary, to comply with the purposes" of sentencing. 18 U.S.C. § 3553(a).

Under section 3553(a)(2)(B), there are two major considerations: specific and general deterrence. General deterrence is satisfied with the sentence imposed. The sentence will send a clear message that involvement in bank fraud will result in a substantial prison sentence. Specific deterrence is achieved through incapacitation. Although the court declined to impose limitations on employment, the likely impact of this conviction on the defendant's ability to work in the real estate field upon release will provide further deterrence. It is unlikely that he will engage in further criminal activity in light of his remorse and family circumstances.

*[signature]*
Jack B. Weinstein
Senior United States District Judge

Dated: June 10, 2009
       Brooklyn, New York